THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 7-ELEVEN, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:22-CV-02706 |
| | § | |
| MITSUI SUMITOMO INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Mitsui Sumitomo Insurance Company of America ("Mitsui" or "Defendant") hereby removes the action styled and numbered *7-Eleven, Inc. v. Mitsui Sumitomo Insurance Company of America*, Cause No. DC-22-15507, pending in the 298th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.
THE STATE COURT ACTION**

1. On November 2, 2022, 7-Eleven, Inc. ("Plaintiff") filed its Original Petition in the 298th Judicial District Court of Dallas County, Texas in a case styled *7-Eleven, Inc. v. Mitsui Sumitomo Insurance Company*, Cause No. DC-22-15507.

2. Plaintiff's Original Petition names Mitsui as the only defendant in this action.[1]

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit C-1**.

**NOTICE OF REMOVAL**                                                                                                          **PAGE 1**
4889-4184-5049v2

## II.
## NOTICE OF REMOVAL IS TIMELY

3. Mitsui was served with Plaintiff's Original Petition on November 9, 2022.[2] Accordingly, Mitsui files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III.
## VENUE IS PROPER

4. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division under 28 U.S.C. §§ 124(a)(2) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV.
## BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Mitsui.**

6. Plaintiff 7-Eleven is a large convenience store network with its principal place of business in Dallas County, Texas.[3] Accordingly, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

---

[2] *See* Affidavit of Service, attached as **Exhibit C-3.**
[3] *See* Plaintiff's Original Petition, attached as **Exhibit C-1**, at ¶ 10.

**NOTICE OF REMOVAL**  **PAGE 2**
4889-4184-5049v2

7. Despite Plaintiff's statement that Defendant Mitsui's principal place of business is New York, New York—which is incorrect—Mitsui is a New York corporation with its principal place of business in New Jersey. Consequently, Mitsui is a citizen of the states of New York and New Jersey.

8. Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Defendant.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

9. Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendant's burden is satisfied.[4]

10. Here, Plaintiff's Original Petition states that it seeks monetary relief over $1,000,000.[5] It is therefore facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

11. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V.
## COMPLIANCE WITH LOCAL RULES

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 298th Judicial District Court of Dallas County, Texas.

13. All pleadings, orders, and other filings in the state court action are attached to this

---

[4] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).
[5] *See* Plaintiff's Original Petition, attached as **Exhibit C-1**, at ¶ 2.

Notice as required by 28 U.S.C. § 1446(a).

14. As required by 28 U.S.C. § 1446(a) and Local Rule CV-81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

(1) a completed civil cover sheet;

(2) a supplemental civil cover sheet; and

(3) if there is a "related case," as defined by LR 3.3(b)(3) or (b)(4), a notice of related case that complies with LR 3.3(a); and

(4) a notice of removal with a copy of each of the following attached to both the original and the judge's copy –

    a. An index of all documents that clearly identifies each document and indicates the date the document was filed in state court – identified as **Exhibit A**;

    b. A copy of the docket sheet in the state court action – identified as **Exhibit B**;

    c. Each document filed in the state court action, except discovery material – identified as **Exhibit C-1 through C-5;** and

    d. A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e) – identified as **Exhibit D.**

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Court of Dallas County, Texas promptly after the filing of this Notice of Removal.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be given to all adverse parties promptly after filing.

### VII.
### JURY DEMAND

17. Plaintiff demanded a jury trial in its Original Petition.

## VIII.
## CONCLUSION

WHEREFORE, Mitsui Sumitomo Insurance Company of America requests that this action be removed from the 298th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By:  */s/ Steven J. Badger*
Steven J. Badger
Texas Bar No. 01499050
sbadger@zellelaw.com
Brandt R. Johnson
Texas Bar No. 00794030
bjohnson@zellelaw.com
Ashley B. Pedigo
Texas Bar No. 24095731
apedigo@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:     214-742-3000
Facsimile:     214-760-8994

- and -

**MOUND COTTON WOLLAN & GREENGRASS LLP**

Jeffrey S. Weinstein (*Admission Pending*; *Attorney in Charge*)
New York Bar No.: 2099273
JWeinstein@Moundcotton.com
Samuel B. Weiss (*Admission Pending*)
New York Bar No.: 5650601
SWeiss@Moundcotton.com

One New York Plaza, Fl. 44
New York, New York 10004
Telephone: (212) 804-4200
Facsimile: (212) 344-8066

**ATTORNEYS FOR DEFENDANT MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA**

# CERTIFICATE OF SERVICE

The foregoing was electronically served upon counsel in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on December 5, 2022:

Peter D. Laun
Joseph C. Van Asten
2727 N. Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 969-4530
Facsimile: (214) 969-5100
pdlaun@jonesday.com
jcvanasten@jonesday.com

Tyrone R. Childress
Quinten A. Levin
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
tchildress@jonesday.com
qlevin@jonesday.com

Jason B. Lissy
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
jlissy@jonesday.com

**ATTORNEYS FOR PLAINTIFF
7-ELEVEN, INC.**

                                                              */s/ Steven J. Badger*
                                                             Steven J. Badger